IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK JOE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01332-JPG |
| | ) |
| RANDOLPH COUNTY JAIL | ) |
| and NENA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Joe Brown, who is currently detained at Randolph County Jail ("Jail"), brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff indicates that his constitutional rights have been violated at the Jail. (Doc. 1, p. 5). Plaintiff seeks monetary damages. (Doc. 1, p. 6).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th

1

Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. The Complaint does not survive preliminary review under this standard.

## **The Complaint**

Frank Joe Brown is a federal inmate who is currently housed at Randolph County Jail. (Doc. 1, p. 5). Brown lists no parties in the case caption of his Complaint. (Doc. 1, p. 1). Although he signed the Complaint as the plaintiff, Brown also lists himself and "Nena" as defendants. (Doc. 1, pp. 1-2, 6).

In the statement of his claim, Brown states: "(1) My 8th Amendment was violated; (2) This Jail have violated my constitution rights as a federal inmate; [and] (3) d[ue] to my religious practice as a Moorish American." (Doc. 1, p. 5). Brown includes no other allegations in support of these claims. *Id*.

Along with the Complaint, Brown filed copies of several grievances and grievance responses. (Doc. 1, pp. 7-15). They address numerous unrelated issues. *Id*. Brown complains that his food tray was delivered early one day while he was participating in a religious fast. (Doc. 1, pp. 7, 10). As a result, he was forced to choose between eating warm food and completing his fast. *Id*. Brown also complains that he was given food containing eggs. (Doc. 1, pp. 8, 15). He was denied cleaning supplies for two months. (Doc. 1, pp. 9, 11, 13-14). He was also required to share his cell with another inmate. (Doc. 1, p. 9). Finally, Brown states that he had to throw away food after Jail officials entered his cell and began spray painting it while he was cooking. (Doc. 1, p. 12). None of the exhibits mention Nena. (Doc. 1, pp. 7-15).

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Complaint suffers from numerous fatal defects, both procedural and substantive. It violates Rule 10 of the Federal Rules of Civil Procedure, which requires every pleading to include the names of the plaintiff(s) and defendant(s) in the case caption. *See* FED. R. CIV. P. 10(a). Brown lists no one at all in the case caption. (Doc. 1, p. 1). Although the form then prompts the plaintiff to provide additional information about each party on the first two pages of the complaint form, Brown identifies himself and "Nena" as defendants in this section without providing any additional information. *Id.* Given that he signed and filed the Complaint, *Brown* is the plaintiff, and he should list himself as "Plaintiff" in the case caption of his amended complaint. He should list those individuals who violated his constitutional rights as defendants. The Court will refer to Brown as "Plaintiff" in this Order.

In addition, the Complaint sets forth no allegations against the defendant(s) in the statement of claim, in violation of Rule 8 of the Federal Rules of Civil Procedure. (Doc. 1, pp. 1-2, 5). In order to state a claim for relief, Plaintiff must include a "short and plain statement of the claim" against each defendant with sufficient detail to demonstrate why the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2)-(3). With that said, Plaintiff should not confuse quantity with quality. When it comes to preparing a complaint, less is often more. Plaintiff's allegations should be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). At the same time, the allegations must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Plaintiff must set forth enough facts against each defendant to state a plausible—as opposed to possible—claim. Generally, this requires Plaintiff to simply state what each defendant did, or failed to do, in violation of his constitutional rights.

When preparing an amended complaint, Plaintiff should organize his allegations in chronological order (by date) or by defendant.

Plaintiff should also be aware that his exhibits (*i.e.*, grievances and responses) do not replace a statement of claim. (Doc. 1, pp. 5, 7-15). Exhibits often help to clarify claims, but they also tend to include extraneous information. The Court does not know which events or complaints in the grievances gave rise to this suit. Plaintiff—not the Court—is the master of his own complaint. He must decide which claims to bring against each defendant.

When doing so, Plaintiff should focus only on *related claims* against the same defendant or group of defendants. Claims found to be improperly joined in a single action will be severed into one or more new cases before the Court screens them pursuant to 28 U.S.C. § 1915A. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.). Plaintiff will be assessed an *additional* filing fee of $400.00[1] in each new case, and he will also face a potential "strike" pursuant to 28 U.S.C. § 1915(g) for any case that is dismissed as frivolous, malicious, or for failure to state a claim. Therefore, Plaintiff is encouraged to make a wise decision about the claims he brings in his amended complaint, focusing only on claims that arise from the same transaction, occurrence, or series of transactions or occurrences and involving the same defendant(s). *See* FED. R. CIV. P. 18, 20.

This brings the Court to the more substantive problems with the Complaint. Plaintiff does not satisfy the two requirements for bringing a *Bivens* claim. To state a claim, Plaintiff

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted *in forma pauperis* status is exempt from paying the new $50.00 fee.

must show that (1) agents acting under color of federal law (2) violated his constitutional rights.[2] *See Bivens*, 403 U.S. at 389. The only defendant identified anywhere in the Complaint is "Nena," and Plaintiff does not mention this individual in the statement of his claim or exhibits. It is therefore unclear whether this individual was even acting under color of state or federal law at the time of the events giving rise to this action. After all, Plaintiff does not provide any identifying information for Nena, such as Nena's last name, Nena's employer, or Nena's position at the Jail. Plaintiff does not describe what act or omission by Nena caused Plaintiff to suffer harm of constitutional magnitude.

In order to state a claim against Nena or any other state or federal actor, Plaintiff must plead that the government official "through the official's own individual actions" violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Without establishing any personal participation in a constitutional deprivation, Plaintiff cannot recover because "[l]iability depends on each defendant's knowledge and actions." *Burks v. Raemisch*, 555 F. 3d 592, 593-94 (7th Cir. 2009). Therefore, Plaintiff must prepare an amended complaint that identifies each state or federal actor as a defendant and describes what each defendant did to violate Plaintiff's constitutional rights.

In light of the above-listed procedural and substantive defects, the Complaint does not survive screening. Accordingly, it shall be dismissed. However, the dismissal shall be without prejudice, and Plaintiff will have an opportunity to file an amended complaint, if he would like to pursue his claims in this action. If he chooses to do so, Plaintiff must comply with the instructions and deadline in the below disposition.

---

[2] A suit brought pursuant to 42 U.S.C. § 1983 has similar requirements, except that it proceeds against persons acting under the color of *state* law for a violation of the plaintiff's constitutional rights. In fact, federal inmates who bring suit against local jail officials typically proceed under § 1983 instead of *Bivens*. *See, e.g., Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

**Pending Motion**

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which will be addressed in a separate court order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint **on or before August 23, 2018**, if he wishes to pursue his claims in this action. Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He is encouraged to use this Court's standard civil rights complaint form. He must list this case number (No. 18-cv-01332-JPG) on the first page of the form and label it "First Amended Complaint." The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actor. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will

be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 (or $350.00 if leave to proceed *in forma pauperis* is granted) remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 26, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**
