**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FRANK JOE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01332-JPG |
| | ) |
| RANDOLPH COUNTY JAIL | ) |
| and NENA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Brown filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in order to address several deprivations of his constitutional rights at Randolph County Jail. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on July 26, 2018. (Doc. 4). Plaintiff was granted leave to file a First Amended Complaint on or before August 23, 2018. (Doc. 4, p. 6). However, he was warned that the action would be dismissed with prejudice, if he failed to file an amended complaint by the deadline. *Id*.

Instead of filing an amended complaint by August 23, 2018, Plaintiff requested a merits review hearing. (Doc. 9). The Court denied this request the following day but granted Plaintiff an additional fourteen days to file an amended complaint. (Doc. 10). Under the extended deadline, the First Amended Complaint was due on or before September 6, 2018. *Id*.

Plaintiff missed the extended deadline. More than a week has passed since it expired. He has not requested another extension or filed an amended complaint.

1

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Orders (Docs. 4 and 10) and/or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Orders to file a First Amended Complaint on or before August 23, 2018 (Doc. 4, p. 6), and September 6, 2018 (Doc. 10), and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 14, 2018**

s/ J. PHIL GILBERT  
**District Judge**  
**United States District Court**